**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brian Netwig, Civil No. 01-1253 (DWF/AJB)

Plaintiff,

v. **MEMORANDUM OPINION AND ORDER**

Georgia-Pacific Corp. and
Willamette Industries, Inc.,

Defendants.

---

John P. Brendel, Esq. and Burke J. Ellingson, Esq., Brendel & Zinn, 46 East 4th Street, Suite 804, Saint Paul, Minnesota 55101 and Patrick R. Miller, Esq., Ullman, Dezube & Miller, 10100 87th Street West, Suite 202, Overland Park, Kansas 66212, on behalf of Plaintiff.

Lawrence J. Skoglund, Esq. and Thomas H. Schaefer, Esq., Erstad & Riemer, 200 Riverview Office Tower, 8009 34th Avenue South, Minneapolis, Minnesota 55425-4409, on behalf of Defendant Georgia-Pacific Corp.

Lindsay G. Arthur, Jr., Esq. and Anton J. van der Merwe, Esq., Arthur, Chapman, Kettering, Smetak & Pikala, 500 Young Quinlan Building, 81 South 9th Street, Minneapolis, Minnesota 55402-3214, on behalf of Defendant Willamette Industries, Inc.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on March 1, 2002, pursuant to Defendants' Motions to Dismiss, or, in the alternative, to Transfer Venue. For the reasons set forth below, Defendants' motions are granted in part such that venue is transferred to the District of Kansas.

## Background

Plaintiff Brian Netwig is a resident of Kansas. On January 21, 1999, Mr. Netwig sustained a serious eye injury while installing plumbing in a new home located in Johnson County, Kansas. When Mr. Netwig was injured, he was running copper plumbing between floor

MAR 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

joists in the basement of the home. Plaintiff alleges that Defendant Georgia-Pacific Corporation ("Georgia-Pacific") and Defendant Willamette Industries, Inc. ("Willamette") were responsible for the manufacture and distribution of the floor joists.

Unfortunately, despite undergoing significant medical treatments, Mr. Netwig's injured eye was removed during the summer of 1999. Thereafter, Mr. Netwig pursued a worker's compensation claim. On January 17, 2001, Plaintiff filed a products liability complaint against the current Defendants in the United States District Court for the District of Kansas. Both Defendants filed motions to dismiss, asserting that the claim was barred by the Kansas commencement statute. Plaintiff voluntarily withdrew his claim, and subsequently filed the current action in the District of Minnesota on July 11, 2001. The current action mirrors the Kansas action with the additional counts for breach of warranties and fraudulent misrepresentation. On August 21, 2001, Plaintiff effected service on both Defendants. Georgia-Pacific was served through CT Corporation Systems, the Georgia-Pacific registered agent in Minnesota.

Georgia-Pacific is a Georgia corporation that does business in Minnesota, thus warranting the assignment of the aforementioned registered agent. Georgia-Pacific maintains that discovery will show that the I-beam at issue was routed through a Georgia-Pacific distribution facility somewhere near Kansas, but not in Minnesota. Willamette is an Oregon Corporation that has two paper production facilities and one building material distribution facility in Minnesota. The distribution facility, located in Potlatch, Minnesota, accounts for approximately 1.6% of the production of Willamette's I-joist inventory nationwide. Willamette maintains that the Potlatch I-joists are all sold through a wholesaler in Oregon.

Defendants filed the current motions to dismiss, arguing that Plaintiff purposefully withdrew his Kansas complaint to avoid a dispositive decision by the Kansas court and to take advantage of the more liberal Minnesota statute of limitations on products liability actions. Defendants argue that this Court should apply the Kansas statute of limitations or, in the alternative, the Court should transfer venue to the District of Kansas.

**Discussion**

**1. Motions to Dismiss**

In Kansas, the statute of limitations for products liability actions is 2 years. Kan. Stat. Ann. § 60-513. In order to comply with the statute, Plaintiff was required to file his action by January 21, 2001, two years from the date of his injury on January 21, 1999. Under the Kansas commencement statute, an action is commenced as of the date a complaint is filed, if a party is served within 90 days from the filing date.[1] Kan. Stat. Ann. § 60-203(a). As such, if Plaintiff had served Defendants within 90 days such that the Kansas action was commenced on the day the complaint was filed, then his action would have been within the statute of limitations.

If service is effected *after* 90 days from when the complaint is filed, however, then the action is "commenced" upon the date of service. *Id.* If service cannot be effected within 90 days, a party may seek a thirty day extension from the court upon a showing of good cause. *Id.* Plaintiff did not seek such an extension from the Kansas court, and instead effected service 97 days after the complaint was filed, well within the time afforded by a 30-day extension, but past

[1] Generally speaking, a federal action is commenced at the time the complaint is filed, pursuant to Rule 3 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 3. If a diversity action is brought in federal court and the claims arise under state law, however, then state commencement rules are applied for purposes of determining whether the statute of limitations has been met. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980).

the 90-day requirement. As a result, Plaintiff's Kansas action was commenced on the day of service, April 24, 2001, and thus outside the 2-year statute of limitations. In light of these circumstances, Defendants filed their motions to dismiss. Plaintiff voluntarily withdrew his complaint, pursuant to Fed. R. Civ. P. 41.[2] Because Defendants had yet to file an answer in the Kansas action, Plaintiff was not required to seek consent of the Defendants nor the Court before voluntarily dismissing the case.

It is then that Plaintiff sought a forum in the District of Minnesota. In Minnesota, the statute of limitations for a products liability action is four years. Minn. Stat. § 541.05, subd. 2. By filing his action on July 11, 2001, and effecting service on August 24, 2001, Plaintiff is well within the 4-year statute of limitations which would expire on January 21, 2003. However, Defendants argue that Plaintiff should be prohibited from forum shopping and that if the Court were to engage in a choice of laws analysis, then the Court would find that Kansas law should apply and the suit would be barred. The Court would agree. As the Plaintiff has pointed out, however, if the choice of law to be applied is procedural rather than substantive, then the Court need not even reach the choice of laws analysis and should simply apply the procedural law of the forum state, *i.e.*, Minnesota law. *See Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995) (citations omitted).

Minnesota courts consider statutes of limitations to be procedural laws because they relate to remedy. *Id.* at 736-37. See also, *Fredin v. Sharp*, 176 F.R.D. 304, 307-09 (D. Minn. 1997) (same with the exception of limitations periods that condition the right of action, such as a

---

[2] Rule 41 of the Federal Rules of Civil Procedure states in relevant part that: "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer . . .." Fed. R. Civ. P. 41(a)(1).

limitation period set forth within a wrongful death statute which also creates the statutory right of action). To the contrary, Kansas, Plaintiff's first choice of forum, views statutes of limitations as substantive law. *See, e.g., Waller v. Pittsburgh Corning Corp.*, 742 F. Supp. 581, 585 (D. Kan. 1990). Nonetheless, this Court being located in the District of Minnesota must follow the lead of the Minnesota courts and regard statutes of limitations as laws of procedure. As such, the Court will not engage in a choice of laws analysis, and, applying the Minnesota statute, the Court finds Plaintiff's current action to be within the Minnesota statute of limitations.

Defendant Willamette argues that even if the Court determines the statute of limitations to be procedural and thus does not engage in a choice of laws analysis, the Court should still evaluate whether application of Minnesota law in this case would violate the principles of due process given the lack of contacts with the state of Minnesota. However, all of the cases that Defendant Willamette cites in support of this position are distinguishable on the basis that the relevant courts were determining whether to apply *substantive* law of a particular forum. *Home Ins. Co. v. Dick*, 281 U.S. 397 (1930); *John Hancock Mut. Life Ins. Co. v. Yates*, 299 U.S. 178 (1936); *Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981). To the extent that the cases involved a question of whether a particular statute of limitations were to be applied, the limitations period was one created by contract or by a statute creating a right of action. As the Court indicated above, such limitations are considered by Minnesota courts to be substantive. The limitations period at issue here, however, is a straight statute of limitations that the Court finds would be considered procedural under Minnesota case law and thus applicable to the facts of this case.

Accordingly, Defendants' motions to dismiss are denied to the extent that they argue for the application of the Kansas statute of limitations, and the Court will now address the issue of venue.

**2. Alternative Motions to Transfer Venue**

**a. Standard of Review**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Generally, transfer under 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982). The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant. *United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 315 (D. Minn. 1994). The purpose of § 1404 is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrak*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 26, 27 (1960)).

As a preliminary matter, the venue to which transfer is requested must be one in which the suit could have originally been sought. 28 U.S.C. § 1404(a); *Van Dusen*, 376 U.S. at 616 (1964). As § 1404(a) also provides, however, a court must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice, when determining whether to grant a motion to transfer venue. *See Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). In considering these factors, the court must look to the particular circumstances of the case before it. *Terra Int'l, Inc., v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), *cert. denied*, 522 U.S. 1029, 118 S. Ct. 629, 139 L. Ed. 609 (1997).

**i. Proper Jurisdiction**

The parties do not dispute that jurisdiction of this case is proper in the District of Kansas. Indeed, Plaintiff himself acknowledged this fact by first bringing a nearly identical action in the

District of Kansas. Accordingly, the jurisdiction factor does not preclude transfer of venue as requested in this case.

**ii. Convenience of the Parties**

Courts recognize a presumption in favor of a plaintiff's choice of forum. *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen*, 376 U.S. at 646 (1964)).

None of the parties are located here in Minnesota. To the extent that Defendants are represented in Minnesota by a registered agent or a satellite facility, to say that their presence in Minnesota is minimal with respect to the facts of this case is an understatement. While neither Defendant is located in Kansas as well, the Plaintiff is a resident of Kansas and acknowledged the obvious convenience of that forum by first filing his action there. The Court finds that the convenience of the parties is better served by litigating this claim in Kansas rather than Minnesota.

**iii. Convenience of the Witnesses**

In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121 (citing *Coast-to-Coast Stores Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 732 (D. Minn. 1984)).

Given that the accident giving rise to Plaintiff's claims occurred in Kansas, there is a strong likelihood that most or all of the witnesses will reside in Kansas. To the extent that witnesses will be from outside of Kansas, *e.g.*, corporate witnesses, there is no indication that these witnesses will be from Minnesota. Therefore, the Court finds that the convenience of the witnesses is also better served if the current litigation takes place in the District of Kansas.

**iv. Interest of Justice**

A number of considerations which may be relevant in considering this factor are courts' relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgement. *Graff*, 33 F. Supp. 2d at 1122.

There is no dispute that, given the location of Plaintiff's action, Kansas substantive law shall apply. While a Minnesota court is certainly capable of fairly and aptly applying the law of another jurisdiction, a Kansas court is undoubtedly more familiar with the relevant law and its proper application. More importantly, however, there is no indication that Minnesota has any interest to protect or serve by maintaining this case in one of its courts. To the contrary, Kansas has an obvious interest in protecting the rights of its citizenry and resolving local controversies in its own courts. Indeed, the United States Supreme Court recognizes that a jury of one forum should not be burdened with a controversy of another forum when the jurors have no interest in the controversy at hand. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In conclusion, the Court finds that the interests of justice are better served if this action is transferred to the District of Kansas.

Plaintiff maintains that if this action is transferred to the District of Kansas, then the court in Kansas will be obligated to apply the substantive law of Minnesota. *See Van Dusen v. Barrack,* 376 U.S. 612 (1964) (holding that transferee court must apply choice-of-law rules of transferor when a case is transferred by defendant under §1404(a)). This Court declines to make any further determination in this case, finding that a court within the District of Kansas is better positioned to determine how this case shall proceed once the transfer has occurred. While the Court sees this case as a flagrant example of forum shopping upon an unexplained failure to comply with Kansas commencement law, this Court can make no other determination upon the motions before it other than to find it appropriate to transfer venue to the District of Kansas. This result likely comes as no surprise to any of the parties, particularly Plaintiff, given his original choice of Kansas as his preferred forum. It is beyond the Court, however, why a case obviously belonging in the District of Kansas should have taken the circuitous route through Minnesota to get there. Accordingly, Defendants' motions are granted in part such that venue shall be transferred to the District of Kansas.

For the reasons stated, **IT IS HEREBY ORDERED** THAT:

1. Defendant Georgia-Pacific's Motion to Dismiss or, in the alternative, to Change Venue (Doc. No. 16) is **GRANTED IN PART**;

2. Defendant Willamette's Motion to Dismiss or, alternatively, to Transfer Venue (Doc. No. 20) is **GRANTED IN PART**; and

3. Venue shall be transferred out of the District of Minnesota to the District of Kansas.

Dated: March 11, 2002

DONOVAN W. FRANK
Judge of United States District Court